**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALBERT HASANAJ,<br><br>    Plaintiff,<br><br>  v.<br><br>333 E. 43RD STREET OWNERS CORP. and DOUGLAS ELLIMAN PROPERTY MANAGEMENT,<br><br>    Defendants. | Case No.  26 Civ. 6806<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALBERT HASANAJ ("Plaintiff"), by his attorneys, Filosa Graff LLP, as and for his Complaint against Defendant 333 E. 43RD OWNERS CORP. and DOUGLAS ELLIMAN PROPERTY MANAGEMENT (collectively, "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Defendants violated the FLSA and NYLL when they failed to pay Plaintiff any compensation for hours that he worked in excess of forty (40) in a given workweek. Instead, Defendants only paid Plaintiff for the first forty (40) hours that he worked.

2. Plaintiff also seeks statutory damages for Defendants' failure to provide accurate wage notices and wage statements as required by the NYLL.

**PARTIES**

3. Plaintiff Albert Hasanaj currently resides in New York County, New York and was an "employee" of Defendants within the meaning of FLSA § 203(e) and NYLL § 190(2).

1

Plaintiff is currently employed by Defendants as the Resident Manager for the building located at 333 East 43rd Street, New York, NY 10017 (the "Building").

4.      Defendant 333 E. 43rd Owners Corp. (the "Owners Corp.") is a domestic business corporation with its principal place of business located at 333 East 43rd Street, New York, New York 10017 (the "Building").

5.      Defendant Douglas Elliman Property Management ("Douglas Elliman") is a domestic business corporation with its principal place of business located at 11 Fifth Avenue, New York, New York 10003.

6.      At all relevant times, Defendants have been "employers" of Plaintiff within the meaning of FLSA § 203(d) and NYLL § 190(3).

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District and Defendants are located in this district.

### FACTUAL ALLEGATIONS

**Defendants Jointly Employed by Plaintiff**

12.      At all relevant times, Plaintiff was employed as Resident Manager for the Building.

13.      Plaintiff's paystubs and tax forms listed Owners Corp. as his employer.

2

14.     Defendant Douglas Elliman, as the property manager for the Building, exercised sufficient supervision and control over the work that Plaintiff performed and other terms and conditions of Plaintiff's employment to meet the definition of an employer under the FLSA and NYLL.

15.     Throughout the course of Plaintiff's employment as Resident Manager of the Building, Douglas Elliman, through its agent Jonathan Tagliavia, exercised direct, day-to-day supervision over the work that Plaintiff performed as Resident Manager for the Building.

16.     As property manager for the Building, Mr. Tagliavia routinely assigned work and tasks to Plaintiff and Plaintiff was expected to comply with those requests.

17.     Similarly, it was Mr. Tagliavia – and not anyone from Owners Corp – that addressed concerns related to Plaintiff's work performance with Plaintiff.

18.     When Plaintiff needed a letter to confirm the details of his employment or that he resided at the Building, it was Mr. Tagliavia that provided such a letter.

19.     Further, in January 2026, Defendants placed Plaintiff on a medical leave of absence – without Plaintiff's knowledge or consent – until Plaintiff's doctor provided a certification that Plaintiff was fit for duty. It was Mr. Tagliavia that drafted the letter to Plaintiff's doctor and Plaintiff submitted the response to Mr. Tagliavia.

20.     Throughout the course of his employment, Plaintiff was required to report his time to Douglas Elliman, who processed payroll for all employees of Owners Corp. that worked at the Building.

21.     Upon information and believe, Plaintiff believes that Douglas Ellliman maintained labor and employment records for all employees of Owners Corp. that worked at the Building.

3

**Plaintiff's Employment as Resident Manager of the Building**

22.     On or about August 22, 2016, Defendants hired Plaintiff to work as Resident Manager for the Building, a 215-unit residential co-operative located at 333 East 43rd Street, New York, New York 10017.

23.     Plaintiff's duties included the day-to-day maintenance of the Building's physical operations, responding to tenant inquiries and service requests, and facilitating the completion of repairs and maintenance.

24.     Throughout his employment, Defendants treated Plaintiff as a non-exempt, hourly employee and Plaintiff's pay stubs explicitly identified him as such.

25.     As of early 2026, Plaintiff's regular hourly rate of pay was $39.97.

26.     Plaintiff generally worked from 7:30 AM to 6:00 PM, five days per week, totaling approximately 52.5 hours per week.

27.     In addition to his regularly scheduled hours, Plaintiff frequently responded to after-hours emergencies, including leaks and mechanical failures, during nights and weekends.

28.     On or about January 1, 2026, for example, Plaintiff was required to respond to a significant leak starting in apartment 309, working outside his normal hours to control the situation and coordinate staff and plumbers.

29.     Despite his title, Plaintiff lacked the authority to exercise independent judgment regarding the management of building staff. Instead, Defendants, through Mr. Tagliavia or members of the board of Owners Corp., frequently bypassed Plaintiff to issue work assignments and directions directly to building staff members.

30.    Rather than exercising managerial discretion, Plaintiff was required to perform clerical and secretarial tasks for the property manager, such as preparing monthly reports that the manager then submitted as his own work.

31.    Plaintiff also did not have the ability to hire or fire other employees.

32.    With respect to hiring, Douglas Elliman would provide potential candidates to Owners Corp., and the Board of Directors of Owners Corp. would interview and hire potential candidates. While Plaintiff was generally present for these interviews, his suggestions or recommendations were not given "particular weight," as required for the executive exemption; instead, the Board of Directors for Owners Corp. made the decision to hire employees for the Building.

33.    With respect to disciplining or firing employees, Owners Corp., through its Board of Directors, along with Douglas Elliman, through Mr. Tagliavia, made the decision to discipline or terminate employees of Owners Corp.

34.    Despite regularly working in excess of forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty.

35.    Plaintiff estimates he worked at least ten (10) hours of unpaid overtime during each week of his employment.

36.    Defendants failed to provide Plaintiff with a wage notice at the time of hire containing the information required by NYLL § 195(1).

37.    Defendants failed to provide Plaintiff with accurate wage statements with every payment of wages as required by NYLL § 195(3).

5

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

38.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34.

39.    Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

40.    Defendants' failure to pay overtime compensation was willful.

41.    By the foregoing reasons, Defendants are liable to Plaintiff for the amount of his unpaid overtime compensation, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

42.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42.

43.    Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week in violation of the NYLL and its supporting Wage Orders.

44.    By the foregoing reasons, Defendants are liable to Plaintiff for the amount of his unpaid overtime compensation, plus liquidated damages, plus reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(NYLL – Wage Statement Violations)**

45.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44.

46.    Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3). Specifically, the wage statements furnished by Defendants to Plaintiff did not accurately reflect the number of overtime hours that Plaintiff worked in a given workweek.

47.    By the foregoing reasons, Defendants are liable to Plaintiff for statutory damages of $250.00 per workday, up to a maximum of $5,000.00, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

A.    Declaring that Defendants violated the FLSA and NYLL;

B.    Ordering that Defendants cease and desist from violating the FLSA and NYLL;

B.    Awarding Plaintiff unpaid overtime compensation in an amount to be determined at trial, currently estimated at no less than $182,862.75;

C.    Awarding Plaintiff liquidated damages under the FLSA and NYLL in an amount currently estimated at no less than $182,862.75;

D.    Awarding Plaintiff statutory damages for violations of NYLL §§ 195(1) and 195(3);

E.    Awarding Plaintiff reasonable attorneys' fees and costs; and

F.    Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury as to all issues so triable.


Dated: August 7, 2026
      New York, NY                                  Respectfully submitted,


                                             FILOSA GRAFF LLP

By: _____
                                           Gregory N. Filosa
                                           Ariel Y. Graff

                                         17 State Street, 40th Floor
                                         New York, NY  10004
                                         Tel.:    (212) 256-1780
                                         Fax.:   (212) 256-1781
                                         gfilosa@filosagraff.com
                                         agraff@filosagraff.com

                                         *COUNSEL FOR PLAINTIFF*

8